IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
PHILLIP MESSICK,                      *
                                      *
    Plaintiff,                        *
                                      *
v.                                    *   CV  322-021
                                      *
ROGER BRYANT, in his individual       *
capacity as Alamo Chief of Police;    *
JOHNNY L. SMITH, in his individual    *
capacity as Deputy for Wheeler        *
County; CLARK SCHRADER, in his        *
individual capacity as Officer for    *
the Dublin Police Department; TIM     *
CHATMAN, in his individual capacity   *
as Dublin Chief of Police; and        *
RANDY RIGDON, in his individual       *
capacity as Sheriff of Wheeler        *
County,                               *
                                      *
    Defendants.                       *
```

## ORDER

On March 8, 2020, Plaintiff Phillip Messick encountered law enforcement near his home from the Alamo Police Department, the Dublin Police Department, and the Wheeler County Sheriff's Office. Defendant Randy Rigdon, the Sheriff of Wheeler County, was not there; rather, one of his deputies, Defendant Johnny L. Smith, was present and allegedly used excessive force against Plaintiff.

In his Amended Complaint, Plaintiff prudently does not assert a cause of action against Sheriff Rigdon as Defendant Smith's

supervisor. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.")  Rather, in Count IV, Plaintiff asserts a "Failure to Train" claim against Sheriff Rigdon, alleging that he failed to train his deputy on how to handle individuals suffering from mental illness. (Am. Compl., Doc. No. 15, ¶¶ 108-18.)  To show a constitutional violation for failure to train, a plaintiff must allege that the defendant "knew of a need to train and/or supervise in a particular area and . . . made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998); see also Connick v. Thompson, 563 U.S. 51, 62 (2011) ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.").

On May 13, 2022, Sheriff Rigdon filed a motion to dismiss the failure to train claim against him on the basis that the claim was conclusory and not based upon sufficient factual allegations.

Plaintiff responds that he does not have sufficient knowledge concerning Sheriff Rigdon's training and supervision of his deputies at this point in the litigation, and therefore he concedes that dismissal without prejudice is appropriate. (Doc. No. 20, at 3.)

Upon the foregoing, Defendant Randy Rigdon's motion to dismiss (doc. no. 19) is **GRANTED** without prejudice. The Clerk shall terminate Defendant Rigdon as a party in the case.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE